(No. 2772. Jan. 15, 1924. Rehearing Denied Feb. 18, 1924.)

ROCKY CLIFF COAL MINING CO. v. KITCHEN.

### SYLLABUS BY THE COURT.

1. Findings of fact which are supported by substantial evidence will not be disturbed on appeal.

2. Evidence reviewed, and held, that the findiings of fact are supported by substantial evidence.

3. A grantor in a warranty deed is estopped to question the sufficiency thereof to establish a prima facie title in his grantee, as to permit him to do so would allow him to question the title which he has conveyed with covenants of warranty.

Appeal from District Court, McKinley County; Holloman, Judge.

Suit by the Rocky Cliff Coal Mining Company against Peter Kitchen. From a judgment for plaintiff, defendant appeals. Affirmed.

E. W. Dobson, of Albuquerque, for appellant.

A. M. Edwards, of Santa Fe, for appellee.

### OPINION OF THE COURT.

BRATTON, J. The appellee instituted this suit to recover $12,000 as actual and $8,000 as punitive damages, due by reason of the appellant having wrong-

fully, willfully, fraudulently, and maliciously taken and removed from certain described lands owned by the appellee 12,000 perch of rock, of the alleged value of $1 per perch and charged to have been so removed between January 1, 1915, and August 1, 1919. By an amended answer the appellant denied the appellee's cause of action, and pleaded by way of offset and counterclaim a certain unpaid judgment in the sum of $7,819.73 rendered in his favor and against the appellee on February 26, 1921.

The cause was tried before the court without a jury and the court found that between the dates charged in the complaint, the appellant had removed from the premises in question, 7,800 perch of rock belonging to the appellee of the value of twenty cents per perch, aggregating $1,560, and the judgment for such sum was rendered with the provision that it should operate as a credit upon the above mentioned judgment owned by the appellant.

[**1, 2**]　1. The first contention made by the appellant involves the sufficiency of the evidence to support the finding of the trial court that the appellant removed 7,800 perch of rock from the premises within the dates alleged. We have carefully and repeatedly read the entire record, and have reached the conclusion that there is substantial evidence to support such finding. A mining engineer, whose competency is not questioned, went upon the premises during October, 1919, and made a survey of the quarries from which the rock had been removed and testified that in his opinion 7,999.3 perch had been taken out. The caretaker of the premises testified that the appellant, or those directed by him, had removed all the rock that had been taken out except 100 perch for which credit was properly given. This caretaker further testified that he showed the engineer the place from which such rock had been removed, and that the appellant, or those under his direction, so removed such rock between 5 and 6 years prior to the date of the trial which was had on November 21, 1921 (thus bringing the time

within the dates charged in the complaint), and that
no rock had been removed after August 1, 1919, and
prior to the time the survey was made by the engi-
neer; so that, according to this testimony, the appellant,
or those under his direction, removed the rock within
the times specified in the complaint. In addition,
Mrs. Bertha Canavan testified that she demanded
payment for the rock in question, and that the appel-
lant declined to pay for the same because he claimed
the appellee owed him more than the price such rock
came to. He virtually admitted, according to her
testimony, that he had taken the rock, but he seemed
to want to abut accounts. It is further contended that
the engineer surveyed and measured several quarries,
and based his esimate on all of them combined, while
the evidence shows that the rock in question was taken
from one quarry alone. We think this contention un-
tenable, as the undisputed evidence from the care-
taker is that he showed the engineer just where the
rock had been taken and the testimony of the engineer
is that he measured where shown by the caretaker.
We think there is substantial evidence in the record
to sustain the findings of the trial court; in fact, the
findings are sustained by the undisputed testimony, as
the appellant offered no evidence whatever, but rested
his case when the appellee rested. The assignment
must therefore be denied.

[3] 2. It is suggested in appellant's brief, although
not seriously argued, and no authorities are cited to
sustain the same, that the evidence of the appellee was
insufficient to sustain the finding of the lower court that
the appellee was the owner in fee simple of the lands in
question at the material times involved in the suit.
Such title was proven by a warranty deed executed
by the appellant to appellee, dated July 15, 1910, and
recorded on September 20, 1917. It therefore appears
that the title relied upon by the appellee as being
prima facie was deraigned from the appellant himself,
and he certainly is estopped to question its sufficiency.
To permit him to do so would allow him to question

the title, which he has conveyed with covenants of warranty. This he is estopped to do.

There being no error in the record, the judgment must be affirmed; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.